13-2394
Nicholson v. Forster & Garbus LLP

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of June, two thousand fourteen.

PRESENT: DENNIS JACOBS,
 ROSEMARY S. POOLER,
  *Circuit Judges*,
 CHRISTINA REISS,
  *District Judge*.[*]

- - - - - - - - - - - - - - - - - - - -X
JACK NICHOLSON, INDIVIDUALLY AND ON
BEHALF OF A CLASS,

 *Plaintiff-Appellant*,

 -v.-                                        No. 13-2394

FORSTER & GARBUS LLP, RONALD FORSTER,
MARK A. GARBUS,

 *Defendants-Appellees*.

---

[*] Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

- - - - - - - - - - - - - - - - - - - -X

**FOR PLAINTIFF-APPELLANT:**     ARZA FELDMAN, Feldman and Feldman, Uniondale, NY.

**FOR DEFENDANTS-APPELLEES:**     JONATHAN B. BRUNO, Kaufman, Borgeest & Ryan LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Jack Nicholson, individually and on behalf of a purported class, appeals the judgment of the United States District Court for the Eastern District of New York, dismissing on summary judgment Nicholson's complaint, which alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, by Forster & Garbus LLP, Ronald Forster, and Mark A. Garbus (collectively, "Forster & Garbus"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review de novo a grant of summary judgment, drawing all reasonable inferences in the non-moving party's favor. See Wrobel v. Cnty. of Erie, 692 F.3d 22, 27 (2d Cir. 2012). Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists only "where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. Cnty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008).

Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Examples of prohibited conduct include: (1) "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney"; (2) "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer"; and (3) "[t]he use of any business, company, or organization name other than the

true name of the debt collector's business, company, or organization." Id. § 1692e(3), (10), (14).

To determine whether a communication violates § 1692e, this Court applies "an objective standard based on the 'least sophisticated consumer.'" Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). "Under this standard, collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." Easterling v. Collecto, Inc., 692 F.3d 229, 233 (2d Cir. 2012) (per curiam) (internal quotation marks omitted). Because the test is objective, "the least sophisticated consumer test pays no attention to the circumstances of the particular debtor in question." Id. at 234.

However, "[i]t should be emphasized that in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness." Clomon, 988 F.2d at 1319. "Accordingly, FDCPA protection does not extend to every bizarre or idiosyncratic interpretation of a collection notice . . . ." Easterling, 692 F.3d at 233-34 (internal quotation marks omitted).

Finally, in circumstances such as those presented in this case, "we agree with the district court that the question of deceptiveness is appropriate for summary judgment." Schweizer v. Trans Union Corp., 136 F.3d 233, 238 (2d Cir. 1998); cf. Vincent v. The Money Store, 736 F.3d 88, 103 (2d Cir. 2013) (describing a circumstance when conduct that putatively violated the FDCPA turned on a disputed issue of fact).

Jindal Intellicom Contact Centers ("Intellicom"), a call center located in India, made debt collection calls for Forster & Garbus. Nicholson argues that an Intellicom employee's statement that he was calling "on behalf of Forster & Garbus" would have suggested to the least-sophisticated consumer that the caller was a lawyer. Nicholson admits, however, that Intellicom was in fact Forster & Garbus's agent. See Appellant's Br. at 15. Therefore, the caller's statement was not actually false.

Nor was the statement misleading or deceptive under the least-sophisticated-consumer test. The least sophisticated consumer, if the standard is to be taken literally, would not even know what "Forster & Garbus" *is*. The terms "law,"

3

"lawyer," "attorney," "legal," etc., were never used, and the phrase "settle this account," in context, did not suggest that the caller was a lawyer. Cf. Clomon, 988 F.2d at 1316-17, 1320-21 (concluding that use of word "attorney" in collection notice's letterhead and signature line "was sufficient to give the least sophisticated consumer the impression that the letters were communications from an attorney" even though the attorney "played virtually no day-to-day role in the debt collection process"). Moreover, not every sequence of names with an ampersand is a law firm.

*Nicholson* likely knew that Forster & Garbus was a law firm because his lawyer was in negotiations with that firm. But "the least sophisticated consumer test pays no attention to the circumstances of the particular debtor in question."[1] Easterling, 692 F.3d at 234.

We have considered all of Nicholson's remaining arguments and conclude that they are without merit.[2] The judgment of the district court is hereby affirmed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK



---

[1] If we were to consider Nicholson's circumstances, we would recognize that Nicholson knew his counsel was engaged in settlement discussions with Forster & Garbus and therefore attached no importance to the call. Indeed, Nicholson immediately brushed away the caller's inquiries by referring the caller to his lawyer.

[2] Judge Jacobs (writing for himself) deplores the tone and content of the phone conversation held by Abraham Kleinman, counsel for Nicholson in the district court, in which he mocked two Intellicom employees who were being courteous to him, and wasted thereby the time of a fellow member of the bar. See J.A. 142-55; N.Y. Rules of Professional Conduct 4.4(a) (2013) ("In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass or harm a third person . . . .").

4